DRAFT- 4-27-2010

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 09-02324 |
| | : | |
| Christian Schools, Inc., | : | Chapter 11 |
| d.b.a. Trinity Christian School | : | |
| Debtor | : | Judge Flatley |

### AGREED ORDER AUTHORIZING DEBTOR TO EMPLOY BROKER TO MARKET FOR SALE THE REAL ESTATE, BUILDING AND PERSONAL PROPERTY OF THE DEBTOR

This matter having come to the attention of the Court on the Motion of the Debtor [Docket 109] to employ Phoenix Group, LLC and Michael Castle as a broker to market for sale the land, building and personal property of the Debtor ("Employment Motion"), after Fifth Third Bank filed a motion [Docket 108] to prohibit use of cash collateral for failure to obey the Second Interim Cash Collateral terms requiring the land, building and personal property to be marketed for sale if Fifth Third Bank so required.

The Court finds that no objections have been filed despite appropriate notice. The Court having heard the arguments of Fifth Third Bank and the Debtor regarding the above referenced motions, and the Court finds that Fifth Third Bank has required, pursuant to the Second Interim Order, that Debtor list the land, building and personal property of the Debtor for sale and further


EXHIBIT A

4. Should the Broker obtain a offer to purchase agreement in the amount of $3,500,000.00 or more, and should the Debtor be able to pay the Bank the same amount or more offered in the OPA ("Sale Funds") to retain the Property subject to the OPA on or before the date for which closing may be required by the OPA, unless the Bank grants Debtor additional time to pay the Bank such funds, then from the Sale Funds paid to the Bank by the Debtor, the Bank shall pay the Broker 4% of the Sale funds received by the Bank from the Debtor, all subject to final approval by the Court.

5. The Marketing Agreement paragraph 3 shall be modified to include that the Broker shall communicate to the Bank all inquiries or offerings and negotiations regarding the Property.

6. The Marketing Agreement paragraph 4 shall be modified and provide that:

    "ADVERTISING: TPG understands the sensitive nature of this proposed transaction and agrees that no signs will be posted on the Property and no print advertisement be widely distributed, in the local area. All directly contacted prospects or cooperating brokers will be informed of the terms and conditions required by the Bankruptcy Court. TPG will be allowed to offer the property on Loopnet (a national internet commercial marketing site)."

7. The Marketing agreement paragraph 5 shall be modified in accordance with the terms set forth above.

8. The Bank shall be authorized to issue a letter through the Broker regarding a summary of the proceedings in the Debtor's bankruptcy case, the orders entered in this bankruptcy case of the Debtor and the process to sell property in the bankruptcy case, either approved by the Debtor or by the Court, which the Broker may provide to prospective purchases or brokers with the understanding that those furnished such letter will maintain it in confidence and not otherwise disseminate such letters to others.

IT IS SO ORDERED

Agreed and Consented to:

Attorneys for Debtor and
Debtor in Possession
By: /s/ John F. Wiley
John F. Wiley, Esq. WV # 4039
J. Frederick Wiley PLLC
180 Chancery Row
Morgantown, WV 26505

(304) 906-7929
johnfwiley@aol.com

STATMAN, HARRIS & EYRICH, LLC

By: /s/ Thomas R. Noland
Thomas R. Noland (0018239)
Patricia L Hill (0072595)
One Dayton Centre, Suite 900
1 South Main Street
Dayton, OH 45402
937-222-1090
937-222-1046 – fax
notices@statmanharris.com
Attorneys for Fifth Third Bank